PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO ROMÁN CABÁN, Defendant and Appellant.

No. 5133.—Argued November 22, 1933.—Decided January 26, 1934.

*Luis A. Rosario* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant was convicted of arson under section 407 of the Penal Code for having set fire to a field of sugar cane of one and a half acres.

The appellant contended that the information was insufficient inasmuch as it did not set out that the field of cane was worth more than fifty dollars.   The statute provides:

"Every person who wilfully and maliciously burns any bridge exceeding in value fifty dollars, or any building, or vessel, not the subject of arson, or tobacco or tobacco sheds, or any growing or standing crop, grass or tree, or any fence, not the property of such person, is punishable by imprisonment in the penitentiary for not less than one nor more than ten years."

The court below held that the fifty dollars therein mentioned only applied to a bridge, the first thing named in the

statute. We agree that the words "fifty dollars" only apply to a bridge, and that no value is fixed for the other property. It must have been the intention of the Legislature that arson might be charged against any person for burning any property designated in the statute, no matter what its value, except, of course, a bridge.

The court below disposed of this question somewhat more elaborately, and reference may be made to its opinion.

Similarly, we are entirely satisfied with the reasoning of the district court that the crime of arson charged in this case is not divided into degrees, and no specific mention of such a degree was necessary.

The defendant likewise complains of the action of the jury, who came into court to ask what was the maximum and minimum penalty that could be imposed. The appellant strives to show that the jury was prejudiced against him in making such a request to the court, but we agree with the *Fiscal* that, on the contrary, the jury seemed to have some doubts in favor of the defendant. Moreover, if the jury make an undue request to the court because of some erroneous idea they may have as to their powers or otherwise, it would be the duty of the appellant to show more positively what the actual idea of the jury was. We are so far unable to imagine that a mistake of this kind on the part of the jury would constitute a mistrial.

Furthermore, we question whether the error was duly assigned in this court, in accordance with the jurisprudence we have laid down in *People* v. *Maldonado*, 45 P.R.R. 405, and, on motion for reconsideration, 45 P.R.R.————*. In other words, it was not enough to say:

"There was manifest error on the part of the jurymen in abandoning their duties as judges of the facts and in behaving themselves in such a way that the verd:ct rendered was not the result of a sound, judicious, correct, and conscientious deliberation."

* NOTE.—For page number omitted from this citation see "Table of Cases Cited in· Opinions—Citations from Puerto Rico Reports," this volume.

The particular misconduct of the jury should have been more specifically set forth.

The other errors relate to the weighing of the evidence and the rule applies that the verdict of the jury will not generally be reversed on appeal, and we find no substantial error in the instructions of the court.

The judgment should be affirmed.